UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MICHAEL D. SMITH** | **CIVIL ACTION NO. 15-251-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **LA DEPT OF MENTAL HEALTH** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Michael D. Smith ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on February 9, 2015. He names the Louisiana Department of Mental Health as respondent.

On August 11, 2015, this court issued a memorandum order finding that Petitioner's suit was not in proper form and ordering him to amend his pleadings within thirty days of the date of the order. However, the memorandum order was returned to this court on August 24, 2015 by the United States Postal Service marked "RTS-Name and DOC # don't match -Need correct DOC # to I.D." The memorandum order was again returned to this court on September 3, 2015 by the United States Postal Service marked "RTS-Need DOC# to I.D.-No Record" To date, Plaintiff has not informed this court of

his correct DOC number.

Accordingly;

**IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE**, <u>sua sponte</u>, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket.  See <u>Link v. Wabash Railroad Company</u>, 370 U.S. 626, 82 S.Ct. 1386 (1962); <u>Rogers v. Kroger Company</u>, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 9th day of November 2015.

_____
Mark L. Hornsby
U.S. Magistrate Judge